UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex. rel.* MORIN CORPORATION, | |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| JAAAT TECHNICAL SERVICES, LLC, DELPHINI CONSTRUCTION COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA, | |
| **Defendants.** | |

**NOW COMES** the Plaintiff, The United States of America, *ex. rel.* Morin Corporation, (hereinafter "Morin" or the "Plaintiff"), complaining of the Defendants, JAAAT Technical Services, LLC (hereinafter, "Defendant JAAAT"), Delphini Construction Company (hereinafter, "Defendant Delphini"), and Safeco Insurance Company of America (hereinafter, "Defendant Safeco"), and alleges as follows:

## PARTIES

1.     The Plaintiff is a Delaware corporation, organized and existing under the laws of the State of Delaware and is prosecuting this action in the name of the United States of America, pursuant to 40 U.S.C. § 3133.

2. Defendant JAAAT is a limited liability company, organized and existing under the laws of the Commonwealth of Virginia which transacts business in North Carolina. The registered agent for Defendant JAAAT is Rickey B. Barnhill, and Defendant JAAAT has a registered address of 609 Elm Street, Hopewell, Virginia, 23860.

3. Defendant Delphini is a Florida corporation, organized and existing under the laws of Florida which transacts business in North Carolina. The registered agent for Defendant Delphini is Kenneth M. Delp, II, and Defendant Delphini has a registered address of 2450 North Beardall Avenue, Sanford, Florida, 32771.

4. Defendant Safeco is a North Carolina licensed insurance company and surety, retained by Defendant JAAAT to provide payment and performance bonds for the federal construction project at the Fort Bragg Training Facility in Fayetteville, North Carolina.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (2006) and pursuant to the Miller Act, 40 U.S.C. § 3133(b)(3)(B).

6. This Court also has supplemental jurisdiction over the common law claims alleged in the Complaint pursuant to 28 U.S.C. § 1367 (2006).

7. Venue is proper in this District under 28 U.S.C. § 1391 (2006) because the contract giving rise to this claim was to be performed and executed in the Western District of North Carolina.

8. All conditions precedent to the bringing of this action have occurred, been satisfied or been waived. This action is brought within the applicable statute of repose and statutes of limitation.

## STATEMENT OF FACTS

9. On or about September 30, 2010, Defendant JAAAT was awarded the federal project known as the "Fort Bragg Training Facility," under government contract number W912HN-10-D-0063-0001 (hereinafter, the "Project") as the general or prime contractor.

10. On information and belief, Defendant JAAAT then obtained performance and payment bonds on the Project from Defendant Safeco in the amount of four million, seven hundred seventy-three thousand, seven hundred seventy-three dollars and zero cents ($4,773,799.00), the cost of the Project, as required by the Miller Act, 40 U.S.C. § 3133(b)(3)(B).

11. These bonds served as surety on the Project for both Defendant JAAAT, as the prime contractor, and all lower-tier subcontractors working under Defendant JAAAT on the Project.

12. Defendant Delphini Construction Company contracted as a first-tier subcontractor to prime contractor Defendant JAAAT.

13. Defendant Delphini then contracted with the Plaintiff for the Plaintiff to provide certain materials for the Project.

14. From on or about December 24, 2013 through April 7, 2014, the Plaintiff provided building panels, trim, and other building and roofing materials to Defendant Delphini, pursuant to the terms of the agreement between the parties.

15. Plaintiff fully performed under the terms of its contract with Defendant Delphini, however, Defendant Delphini has failed or otherwise refused to pay Plaintiff for the materials and services the Plaintiff provided.

16. The Plaintiff has attempted to resolve this matter with Defendant Delphini on numerous occasions, however Delphini has refused to make payment to the Plaintiff to or discuss the matter any further.

## **FIRST CLAIM FOR RELIEF**
*(Breach of Contract against Defendant Delphini)*

17. The Plaintiff re-alleges the allegations contained in Paragraphs 1 through 16 of

this Complaint as if fully set forth herein in this First Claim for Relief.

18.     Defendant Delphini breached its contract with the Plaintiff by failing to pay Plaintiff for the materials it provided.

19.     Defendant Delphini raised no objections as to the quality or quantity of the materials provided by the Plaintiff.

20.     There are no set-offs or counterclaims which Defendant Delphini has on the debt it owes to the Plaintiff.

20.     Despite numerous demands, Defendant Delphini has refused and failed to pay the Plaintiff, in whole or in part, for the outstanding balance of forty-eight thousand, four hundred eighty-one dollars and ninety-two cents ($48,481.92).

21.     Plaintiff is also entitled to interest on the principal amount due of the date of breach until paid at the contract rate of one and one-half percent (1.5%) per month.

## SECOND CLAIM FOR RELIEF
*(Quantum Meriut /Unjust Enrichment against Defendants Delphini and JAAAT)*

22.     Plaintiff Morin re-alleges the allegations contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein in this Second Claim for Relief.

23.     Alternatively, Plaintiff rendered a valuable product and service to Defendant Delphini and Defendant JAAAT.

24.     The materials provided by the Plaintiff substantially improved the value of the Project, and as such, the materials that the Plaintiff provided are valuable to Defendant Delphini and Defendant JAAAT.

25.     Plaintiff expected to be paid for the materials it provided to the Project at the time at which the products were provided.

26. The Plaintiff's expectations that it be paid for the materials it provided is reasonable under the circumstances and the Defendants knew that the Plaintiff expected to be paid for the materials it provided.

27. Defendant Delphini and Defendant JAAAT voluntarily accepted the materials provided by the Plaintiff and raised no objections as to the quality or quantity of those materials.

28. The Plaintiff is entitled to recover from Defendant Delphini and Defendant JAAAT the fair market value of all such materials provided by the Plaintiff to the Project.

29. The fair market value of the materials which Plaintiff provided to the Project is forty-eight thousand, four hundred eighty-one dollars and ninety-two cents ($48,481.92).

30. Defendant Delphini has failed and otherwise refused to pay the Plaintiff the fair market value of the materials the Plaintiff provided to the Project.

31. Defendant JAAAT was unjustly enriched by forty-eight thousand, four hundred eighty-one dollars and ninety-two cents ($48,481.92) by virtue of the materials provided by the Plaintiff to the Project.

32. The Plaintiff is therefore entitled to recover from Defendant Delphini and Defendant JAAAT, jointly and severally, the sum of forty-eight thousand, four hundred eighty-one dollars and ninety-two cents ($48,481.92), which is the fair market value of the materials the Plaintiff provided to the Defendants, plus interest in the maximum amount permitted by law.

### THIRD CLAIM FOR RELIEF
*(Enforcement of Payment Bond against Defendant JAAAT and Defendant Safeco)*

33. The Plaintiff re-alleges the allegations contained in Paragraphs 1 through 32 of this Complaint as if fully set forth herein in this Third Claim for Relief.

34. On information and belief, Safeco Insurance Company of America is a proper surety, licensed to transact business in North Carolina.

35.     On information and belief, Defendant JAAAT contracted with Defendant Safeco to serve as a surety and provide the payment bond (hereinafter, the "Bond") for the Project.

36.     Plaintiff furnished the materials for the Project, pursuant to its subcontract with Defendant Delphini, as described above.

37.     Defendant Delphini has failed to pay the Plaintiff the amounts due and owing to the Plaintiff in the amount of forty-eight thousand, four hundred eighty-one dollars and ninety-two cents ($48,481.92).

38.     On May 7, 2014, in accordance with the provisions of the Bond and the Federal Miller Act, the Plaintiff served on Defendant JAAAT, Defendant Delphini and Defendant Safeco a Notice of Claim on Payment Bond (hereinafter, the "Notice of Claim on Payment Bond") for the materials that the Plaintiff furnished for the improvement of the Project.

39.     As of the date of this Complaint, Defendant Delphini, Defendant JAAAT, and Defendant Safeco have refused or otherwise failed to pay the Plaintiff, in whole or in part, the principle balance of forty-eight thousand, four hundred eighty-one dollars and ninety-two cents ($48,481.92) due and owing to the Plaintiff for materials the Plaintiff provided to the Defendants for improvements to the Project.

40.     Both Defendant Delphini and Defendant JAAAT have refused to settle or resolve the matters underlying this claim on payment bond.

41.     The Notice of Payment Bond was properly and timely served in accordance with the requirements of the bond and the Miller Act.

42.     This bond-enforcement action is being initiated within one (1) year from the date on which the Plaintiff last furnished labor and materials on, to, or for the Project in accordance with 40 U.S.C. § 3133.

43. By reason of the foregoing, the Plaintiff is entitled to enforce its rights against the Bond on the Project under the Federal Miller Act and to recover any and all amounts due for the materials provided for the improvement of the project, plus costs, interest and attorneys' fees as allowed by any applicable law.

**WHEREFORE**, the Plaintiff, Morin Corporation, respectfully prays this Court for the following relief:

1. That Plaintiff, Morin Corporation, have and recover of Defendant Delphini Construction Company a judgment for breach of contract for the outstanding principal balance of forty-eight thousand, four hundred eighty-one dollars and ninety-two cents ($48,481.92) as principal, plus interest at the contractual rate of one and one half percent (1.50%) per month/eighteen percent (18.00%) per year, calculated up to June 30, 2014 in the amount of one thousand, six hundred, twenty-four dollars and fourteen cents ($1,624.14), plus accruing interest on the principal amount at the contractual rate of one and one half percent (1.50%) per month/eighteen percent (18.00%) per year, from June 30, 2014 until Judgment, and then at the legal rate after entry of judgment until the judgment is satisfied, together with the costs of this action;

2. In the alternative, that the Plaintiff have and recover a judgment against Defendant Delphini Construction Company and Defendant JAAT Technical Services, LLC, jointly and severally, for *quantum meriut/*unjust enrichment; the sum of forty-eight thousand, four hundred eighty-one dollars and ninety-two cents

($48,481.92), plus interest in the maximum amount permitted by law, which is the fair market value of the materials the Plaintiff provided to the Defendants;

2.    That the Plaintiff have and recover a judgment against Defendant JAAAT Technical Services, LLC and Defendant Safeco Insurance Company of America on its payment bond claims;

3.    That the costs of this action, including court costs and Plaintiff's attorney's fees as allowed by any statute or other law, be taxed, jointly and severally, against Defendants JAAAT Technical Services, LLC and Defendant Delphini Construction Company; and

4.    That the Court grant such other and further relief to the Plaintiff, Morin Corporation, as the Court deems just and proper.

This, the 17th Day of July, 2014

Richard L. Robertson
North Carolina State Bar No.: 8000
Richard L. Robertson and Associates, P.A.
*Attorneys for the Plaintiff*
2730 East W.T. Harris Boulevard, Suite 101
Charlotte, North Carolina  28213-4108
Telephone: (704) 597-5774
Facsimile: (704)599-5603
Email: rlrobertson@rlrobertson.com